IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION <br> NO. 17-3878 |
| FREDERICK M. ROCK <br>     Defendant. | : <br> : | |

### ORDER

**AND NOW**, this 22nd day of May, 2018, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (ECF No. 5), it is hereby **ORDERED** that said Motion is **GRANTED in part**.[1]

Plaintiff is hereby directed to both (1) post a copy of the Summons and Complaint in Enforced Collections, and (2) send a copy thereof by certified mail to the following addresses:[2]

---

[1] Plaintiff seeks to alternatively serve Defendant Frederick Rock via posting and certified mail, pursuant to Rule 430 of the Pennsylvania Rules of Civil Procedure. Such a request for alternative service may be granted where a plaintiff demonstrates the following: "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice." Barbosa v. Dana Capital Grp., Inc., Civil Action No. 07-1724, 2009 U.S. Dist. LEXIS 51992, *1, *11 (E.D. Pa. Mar. 31, 2009). The Note to Pennsylvania Rule of Civil Procedure 430(a) provides as follows:

> An illustration of a good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

In this case, Plaintiff avers that it conducted searches of numerous investigative databases, made inquiries of the Pennsylvania Department of Transportation and of postal authorities pursuant to the Freedom of Information Act, examined local telephone directories, attempted service at three different addresses associated with Defendant, attempted contact with possible neighbors of Defendant, and spoke directly with Defendant's adult nephew. (ECF No. 5, ¶ 8.) The Court is satisfied that the aforementioned presents a sufficient showing of a good faith effort to locate and serve Defendant.

[2] This Court denies Plaintiff's request to solely post and mail a copy of the Summons and Complaint to Defendant's last known address – 649 Headquarters Rd., Ottsville, PA 18942. By Plaintiff's own admission, Plaintiff was advised by the current occupant of said residence that Defendant moved from the address as recently as four years ago. (ECF No. 5, ¶ 4.) Plaintiff presents no facts upon which the Court

1. 3 Almond Lane, Levittown, PA 19055
2. 7 Letchworth Ave., Yardley, PA 19067

BY THE COURT:

/s/ C. Darnell Jones, II

C. DARNELL JONES, II   J.

---

could reasonably infer that alternative service to the Ottsville address has the potential to reach Defendant Rock. Based on the facts presently before the Court, service to the Yardley and Levittown residences are more reasonably calculated to provide Defendant Rock with notice of the pending action. Defendant's nephew – occupant of the Yardley residence – appeared to have knowledge of Defendant's current location, and could likely inform Defendant of Plaintiff's attempts at service. (ECF No. 5, ex. D.) And both Defendant's active license and voter registration coincide with residence at the Levittown address. (ECF No. 5, ¶¶ 16, 18-20.)